# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1695 | **DATE** | 7/24/2012 |
| **CASE TITLE** | *Northeast Series of Lockton Companies, LLC v. Bachrach* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Bachrach's motion to dismiss and for attorney's fees [11-1] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Northeast Series of Lockton Companies, LLC (the "plaintiff"), sued its former Producer Member, David A. Bachrach, for breach of contract. The case is before the Court on Bachrach's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the complaint for failure to state a claim. For the reasons set forth below, Bachrach's motion is denied.

**Background**

The well-pleaded allegations are accepted as true for purposes of this motion to dismiss. The plaintiff offers a variety of commercial insurance services through its Producer Members, who have professional experience and expertise in the insurance industry. (Compl., Dkt # 1, at ¶¶ 9-10.) Bachrach was formerly one of the plaintiff's Producer Members ("Members"). (*Id*. ¶ 6.) The plaintiff's Members are compensated by commission payments based on the revenue they generate and the plaintiff's profitability. (*Id*. ¶ 11.) Because Members may generate income on an irregular basis, the plaintiff allows them to take regular draw payments (the "Draws") and recover certain expenses incurred in the course of their sales efforts. (Id. ¶ 12) However, every Member is contractually bound to repay any of these draw payments and advanced business expenses that exceed the actual commissions earned by the Member. (*Id*. ¶¶ 12, 20.) The plaintiff alleges that despite this obligation pursuant to the Member Agreement, the Operating Agreement and the Amended Operating Agreement, Bachrach failed to repay his negative capital account balance of $336,726.75 when his membership was terminated on December 15, 2011. (*Id*. ¶¶ 20-21, 26.) Bachrach moves to dismiss the complaint under Rule 12(b)(6) for failure to state the breach of contract claim. (Def.'s Mot. Dismiss, Dkt # 11, at ¶¶ 5-8.)

**Standard**

Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Further, a complaint must contain "enough facts to state a

| STATEMENT |
|---|

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Analysis**

Bachrach argues that under Illinois law, "an employee is not liable to repay an employer for advances that were to be charged against future earned commissions" unless the employer and employee expressly agreed otherwise. (Def.'s Mot. Dismiss, Dkt. #11, ¶ 4) (quoting *In re Pre-Press Graphics Co., Inc.*, 310 B.R. 893, 902-03 (Bankr. N.D. Ill. 2004)). According to Bachrach, because the Member Agreement contains no provision expressly requiring that Bachrach personally repay the draws, he cannot be liable under Illinois law.

But Bachrach's argument ignores the allegation that pursuant to the "Member Agreement, the Operating Agreement and/or the Amended Operating Agreement, Bachrach was required to repay to Northeast any negative balance" in his capital account upon termination. (Compl., Dkt. #1, ¶ 20.) Bachrach cannot contradict the well-pleaded allegations of the complaint at this stage of the litigation. To the extent that Bachrach argues that the integration clause in the Member Agreement precludes reference to the Operating Agreements, this is simply incorrect. As noted by the plaintiff, the integration clause indicates that the Member Agreement *and* the Operating Agreement constitute the entire agreement. (Compl., Dkt. #1, Ex. A, at pp. 8-9.)

Moreover, the complaint alleges that Bachrach was a member owner of a limited liability company. (Compl., Dkt #1, ¶ 6.) Bachrach cannot contradict the allegations of the complaint by arguing that he was an employee because this raises an issue of fact that cannot be determined at the motion to dismiss stage. *TSC Leasing Corp. v. C & P Distrib. Co.*, No. 84 C 10047, 1985 WL 2132 at * 1 (N.D. Ill. Jul. 24, 1985) (Rule 12(b)(6) motion must be denied when it "presents an issue of fact that is outside the face of the complaint and contradicts the allegations of the complaint").

Finally, Bachrach's assertion that the plaintiff includes only "bare-bones" allegations that do not meet the requirements of Rule 8 is unavailing. To state a claim for breach of contract under Illinois law, a plaintiff need plead only: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev.*, 592 F.3d at 764 (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. Ct. App. 2004)). Here, the complaint alleges: (1) the existence of the Member Agreement, Operating Agreement and the Amended Operating Agreement (Compl., Dkt #1, ¶¶ 14-16, 20); (2) performance by the plaintiff according to the contractual obligations (*Id.* ¶¶ 19, 23, 28); (3) Mr. Bachrach's breach by his failure to repay his negative capital account balance (*Id.* ¶¶ 20, 24-27); and (4) the resulting monetary damages to the plaintiff (*Id.* ¶ 29). This is sufficient under Rule 8.

**Conclusion**

For the foregoing reasons, Bachrach's motion to dismiss pursuant to Rule 12(b)(6) and for attorneys' fees [11-1] is denied.