**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

```
NORTHEAST SERIES OF LOCKTON    )
COMPANIES, LLC.,               )  No. 12 CV 1695
                               )
    Plaintiff/Counterdefendant,)
                               )  Judge Guzman
       vs.                     )
                               )  Magistrate Judge Arlander Keys
DAVID BACHRACH                 )
                               )
    Defendant/Counterplaintiff,)
                               )
```

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Defendant's, David Bachrach's, motion for a ruling on the confidentiality of two documents and on whether the motion for summary judgment should or should not be filed under seal. Pursuant to the Agreed Confidentiality Order and Local Rule 26.2, Mr. Bachrach urges the Court to find that Plaintiff's Operating Agreement and First Amended and Restated Operating Agreement are not confidential and that he be permitted to file his motion for summary judgment publicly and not under seal. For the reasons set forth below, the Court grants Defendant's motion.

BACKGROUND

Plaintiff, Northeast Series of Lockton Companies, LLC, offers a variety of commercial insurance services through its Producer Members who have professional experience and expertise

in the insurance industry. Defendant, David A. Bachrach, is a former Producer Member of Plaintiff. The Plaintiff's Members are compensated by commission payments based on the revenue they generate and the plaintiff's profitability. (Compl., Dkt # 1, ¶ 11.) Because Members may generate income on an irregular basis, the Plaintiff allows them to take regular draw payments and recover certain expenses incurred in the course of their sales efforts. (*Id.* ¶ 12.) However, every Member is contractually bound to repay any of these draw payments and advanced business expenses that exceed the actual commissions earned by the Member. (*Id.* ¶¶ 12, 20.) Plaintiff alleges that, despite this obligation pursuant to the Member Agreement, the Operating Agreement and the Amended Operating Agreement, Mr. Bachrach failed to repay his negative capital account balance of $336,726.75 when his membership was terminated on December 15, 2011. (*Id.* ¶¶ 20-21, 26.)

Plaintiff has sued Mr. Bachrach to recoup draws it paid him, and argues that its Operating Agreement is the "express agreement" permitting it to recoup said draws. (*Id.* ¶ 20.) Plaintiff has designated its Operating Agreement and its First Amended and Restated Operating Agreement (collectively as the "Operating Agreements") as "ATTORNEYS' EYES ONLY – PLUS BACHRACH/SERIES" under the Agreed Confidentiality Order (Doc. #34-1.) Mr. Bachrach has filed a counterclaim, disputes the

2

confidentiality designation by Plaintiff, and now requests the Court to declare the Operating Agreements are not confidential and asks that he be permitted to file his motion for summary judgment publicly and not under seal.

## LEGAL STANDARD

The burden of establishing confidentiality is to establish "good cause" for it, and the burden lies on the party who designated the documents as "confidential". *See. e.g., EEOC v. Univ. of Notre Dame Du Lac*, 715 F.2d 331 at 340 (7th Cir. 1983). The Seventh Circuit has held that good cause to file a document, or portion thereof, under seal requires the party seeking protection to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l v. Abbott Labs,* 297 F.3d 544 at 548 (7th Cir. 2002). Moreover, the burden is a continual one, as a party must "continue to show good cause for confidentiality when challenged." *In re Bank One Sec. Litig.*, 222 F.R.D. 582 at 586 (N.D. Ill. 2004)(citing *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562 at 568 (7th Cir. 2000)). If a party claims that injury will result from public disclosure of certain information, it must provide support for such a statement. *Baxter Int'l,* 297 F.3d at 548.

Lastly, "[t]here is a strong presumption toward public disclosure of court files and documents." *In re Bank One Sec.*

*Litig.*, 222 F.R.D. 582 at 585 (N.D. Ill. 2004) (Denlow, MJ), *citing Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 at 603 (1982). *See also, United States v. Ladd,* 218 F.3d 701 at 704 (7th Cir. 2000) (the public presumptively has a right of access to the records of judicial proceedings). "Those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544 at 545 (7th Cir. 2002), *citing Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994), and *In re Continental Illinois Securities Litigation*, 732 F.2d 1302 (7th Cir. 1984).

## DISCUSSION

Mr. Bachrach argues that Plaintiff has failed to meet its burden of establishing "good cause" for the secrecy of both the Operating Agreements and the filing of his impending motion for summary judgment. Plaintiff contends that the Operating Agreements are legally confidential and proprietary documents, which should be filed under seal, and that Mr. Bachrach conceded, waived, and/or is estopped from making the arguments he now asserts because he signed the Member Agreement to maintain confidentiality. The Court finds Plaintiff's arguments unavailing and agrees with Defendant that Plaintiff has failed to

4

meet its burden of establishing "good cause" and has not overcome the strong presumption towards public disclosure.

Mr. Bachrach intends to file a motion for summary judgment and seeks to include the Operating Agreements as exhibits to his motion. After a complete review of all documents submitted, the Court finds no reason to deem the Operating Agreements confidential, as it does not contain anything that the law considers worthy of confidential protection, such as "a trade secret or other confidential research, development, or commercial information." Federal Rule of Civil Procedure 26(c)(1)(G). *See also, Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). The Court does not find the Operating Agreement to contain nor disclose the cost of any of the products Plaintiff sells; information about Plaintiff's profits made on sales; information regarding Plaintiff's profit margin; Plaintiff's marketing plan; Plaintiff's customers; nor any employee's hours worked, gross pay, rate of pay, tax deductions, etc. – nothing is revealed that is a trade secret or harmful commercial information.

The Operating Agreements do contain and disclose information concerning the way in which Plaintiff and its parent were organized and various categories of pay, albeit without any specific breakdown. Defendant argues that some of this information is already publicly available, and can be found on

Plaintiff's website, including information such as the purpose of the company, the names of various offices and titles, financial package information such as savings/retirement, time off, learning development, work-life, performance management, and health and welfare. Either way, the Court does not find that this information constitutes "good cause" that should outweigh the strong presumption of public disclosure.

Plaintiff additionally argues that confidentiality is warranted due to the pay-structures that are explained within the Operating Agreement. However, Plaintiff fails to point to any hard numbers on which a competitor could base any sort of calculation and gain a competitive advantage. Moreover, employees have the right to discuss and disclose their pay. Therefore, the vaguely worded pay-structures do not warrant confidentiality. Lastly, Plaintiff's argument that Mr. Bachrach conceded, waived, and/or is estopped from making the arguments he now asserts simply due to his signing of the Member Agreement also does not outweigh the presumption towards disclosure of court files and documents in the suit that Plaintiff brought.

Mr. Bachrach maintains that the publicly-available filing will not cite to specific provisions of the Operating Agreement, so as not to violate the parties' Protective Order. Instead, he will provide the Operating Agreement, among other things, for *in camera* inspection. This precaution, coupled with Plaintiff's

6

failure to meet its burden of proving "good cause" otherwise, compels the Court to grant Defendant's motion.

Accordingly, the Court grants Defendant's motion [#51] and finds that the Operating Agreements are not confidential and directs Defendant to file his motion for summary judgment publicly. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

Dated: August 2, 2013

                                       **E N T E R E D:**

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT