IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORTHEAST SERIES OF LOCKTON COMPANIES, LLC, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | 12-cv-01695 |
| DAVID A. BACHRACH, | ) ) | Judge Ronald A. Guzman |
| Defendant/Counter-Plaintiff. | ) ) | |

**PLAINTIFF/COUNTER-DEFENDANT'S
MOTION FOR JUDGMENT AND/OR DISMISSAL**

Plaintiff/Counter-Defendant Northeast Series of Lockton Companies, LLC ("Lockton"), by its undersigned attorneys, hereby respectfully moves for judgment and/or dismissal on the Fair Labor Standards Act counterclaim (the "FLSA Claim") asserted by Defendant/Counter-Plaintiff David A. Bachrach ("Bachrach").

1. There are two bases for this motion. *First*, this Court has the discretion under Federal Rule of Civil Procedure 37(c)(1)(C) to "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" -- which include "(iii) striking pleadings in whole or in part" and "(v) dismissing the action or proceeding in whole or in part." *Second*, this Court may grant judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

2. The sole remaining claim following this Court's summary judgment order, (Doc. 107), is Bachrach's FLSA Claim.

3. There is no scheduled trial date on the FLSA Claim, but the final pre-trial order is due to be filed in open court on June 24, 2014. (Doc. 108.)

4. On May 19, 2014, Lockton moved under Rule 37(c) to, among other things, bar Bachrach from submitting any damages evidence in support of his FLSA Claim because he failed to disclose the amount of those purported damages, his calculation of those purported damages and/or any supporting materials. (Doc. 110.)

5. Lockton's Rule 37 motion asked this Court to: (i) bar Bachrach "from introducing at trial any evidence of damages;" and (ii) "grant [] such other and further relief as is appropriate, ***including dismissal of the [FLSA Claim]***." (Doc. 110 at 10; emphasis added.)

6. On June 17, 2014, this Court granted Lockton's Rule 37 motion, holding that Bachrach is precluded "from submitting any evidence of FLSA damages at trial" and "from introducing any evidence of damages as to his FLSA counterclaim." (Doc. 115 at 1, 5.)

7. While this Court's June 17 order did not expressly dismiss, or enter judgment, on the FLSA Claim, its holding precluding Bachrach from introducing any evidence of damages had the effect of dismissing or entering judgment on that Claim. Indeed, damages are an essential element of Bachrach's FLSA Claim, and, without any evidence of damages, Bachrach cannot possibly recover anything from Lockton on his FLSA Claim. *See Moore v. CITGO Refining and Chemicals Co., L.P.*, 735 F.3d 309, 319 (5th Cir. 2013) (holding that "evidence of damages is an essential element of Plaintiffs' FLSA claims").

8. Moreover, the concluding paragraph of this Court's June 17 order cited *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), for the proposition that imposing a sanction under Rule 37 "is appropriate ***even when a litigant's entire cause of action will be precluded***." (Doc. 115 at 5; emphasis added.)

9. So, the June 17 order had the effect of dismissing or entering judgment on the FLSA Claim, even though it did not formally grant Lockton's request for such relief.

10. Given the impending pre-trial order deadline, Lockton immediately filed a motion for clarification, (Doc. 116), requesting that this Court clarify whether any issues remained for trial on the FLSA Claim and whether any pre-trial order in connection with the FLSA Claim was still due on June 24.

11. When the parties appeared on Lockton's motion for clarification, this Court indicated that the pre-trial order date stands. This Court further indicated that the FLSA Claim was still pending -- despite the fact that Bachrach is now precluded from introducing any evidence supporting the essential element of damages. This Court further indicated that the FLSA Claim remains because Lockton did not move for summary judgment on this basis and did not otherwise ask this Court to dismiss, or enter judgment, on the FLSA Claim on this basis.[1]

12. Accordingly, this Court denied Lockton's motion for clarification. (Doc. 118.) It further instructed Lockton to file an additional motion if it sought further relief with respect to the FLSA Claim. The Court instructed Lockton to provide in any such motion the procedural basis for dismissal, or entry of judgment, on the FLSA Claim.

13. This motion represents the motion described by this Court in denying Lockton's motion for clarification. Specifically answering this Court's question, Lockton states that there are two bases for this Court to dismiss, or enter judgment, on the FLSA Claim.

14. *First*, under Rule 37(c), this Court may enter any sanction authorized under Rule 37(b). And, Rule 37(b) expressly authorizes this Court to strike or dismiss a pleading. Either form of relief, *i.e.*, striking or dismissing the FLSA Claim, is appropriate here.

15. As an initial matter, this Court has already effectively stricken and/or dismissed the FLSA Claim by precluding Bachrach from introducing any evidence of damages in

---

[1] Respectfully, Lockton submits that this Court overlooked Lockton's prayer for relief in its Rule 37 motion, which requested dismissal of the FLSA Claim. (Doc. 110 at 10.)

connection with that Claim at trial. Without any evidence of damages, Bachrach cannot possibly prove the essential elements of his FLSA Claim, so that Claim is doomed to failure at trial. *Moore*, 735 F.3d at 319 (damages evidence is "an essential element" of a FLSA claim).

16. Accordingly, any trial or further pre-trial proceedings in connection with the FLSA Claim are utterly pointless since Bachrach can never recover on that Claim in light of this Court's prior rulings.

17. In addition, for all the reasons already discussed and briefed in connection with Lockton's Rule 37 motion, dismissal of the FLSA Claim is an entirely appropriate sanction given Bachrach's complete and unjustified failure to comply with his Rule 26 disclosure obligations. Rather than repeating those reasons here, Lockton simply incorporates them herein by this reference.

18. For these reasons, this Court should now formally dismiss the FLSA Claim pursuant to Rule 37(c).

19. *Second*, under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed -- but early enough not to delay trial." A Rule 12(c) motion should be granted where a party cannot prove facts sufficient to support his claim for relief. *Gutierrez v. Peters*, 111 F.3d 1364, 1368 (7th Cir. 1997).

20. Here, judgment on the pleadings is appropriate for all the reasons discussed above. Specifically, damages are an essential element of Bachrach's FLSA Claim, but he cannot possibly prove those damages because he is precluded from introducing any such evidence at trial. Because the pleadings and prior orders of this Court make clear that Bachrach will be unable to prove an essential element of his FLSA Claim at trial, there is no point to any further trial-related proceedings, and this Court should enter judgment on the pleadings in favor of

Lockton on the FLSA Claim. *See Scherr v. Marriot Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013) (in considering a Rule 12(c) motion, the court may take judicial notice of prior orders entered in the case).

21. Finally, this motion will not cause a delay in the trial because no trial date has been set. Thus, judgment on the pleadings should be entered in Lockton's favor on the FLSA Claim.

WHEREFORE, Plaintiff/Counter-Defendant Northeast Series of Lockton Companies, LLC respectfully requests that this Court: (i) grant this Motion; (ii) enter an Order dismissing, or entering judgment in favor of Lockton on, the FLSA Claim; (iii) enter an Order striking the June 24, 2014 due date for the final pre-trial order on the FLSA claim; and (iv) grant Lockton such other and further relief as is appropriate.

Respectfully submitted,

NORTHEAST SERIES OF LOCKTON COMPANIES, LLC

By: /s/ Steven J. Ciszewski
One of Its Attorneys

Steven J. Ciszewski (#6255749)
*stevec@novackmacey.com*
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Doc. #667165

# CERTIFFICATE OF SERVICE

Steven J. Ciszewski, an attorney, hereby certifies that he served the foregoing *Plaintiff/Counter-Defendant's Motion for Judgment and/or Dismissal* via electronic means pursuant to Electronic Case Filing (ECF) procedures on:

>David L. Lee
>Law Offices of David L. Lee
>53 W. Jackson Blvd., Suite 801
>Chicago, IL 60604
>*d-lee@davidleelaw.com*

on this 19th day of June, 2014.

/s/ Steven J. Ciszewski